1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JACK LEE PERRY,                          No.  2: 21-cv-0065 KJN P

12                    Plaintiff,

13         v.                                  ORDER

14    BREVICK, et al.,

15                    Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19    § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

20    Rule 302.

21         Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22    Accordingly, the request to proceed in forma pauperis is granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

2   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

3   U.S.C. § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18  1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

26  are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

27  . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

28  (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

1  In reviewing a complaint under this standard, the court must accept as true the allegations of the

2  complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

3  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

4  U.S. 183 (1984).

5       Named as defendants are Correctional Officer Brevick and Sergeant Moran.  Plaintiff's

6  complaint contains three claims.

7       *Claim One*

8       Plaintiff alleges that on January 16, 2019, defendant Brevick searched plaintiff's cell.

9  Plaintiff alleges that defendant Brevick left his cell in total disarray.  Plaintiff alleges that

10  defendant Brevick opened a box of his legal documents and left them on the floor.  Plaintiff

11  alleges that other personal property belonging to plaintiff was damaged.  Plaintiff alleges that

12  defendant Brevick took plaintiff's CPAP machine out of its storage bag and left its parts in

13  different areas of his cell.  Plaintiff alleges that the nasal pillows that are necessary to use the

14  CPAP machine were lost and never replaced.  Plaintiff alleges that defendant Brevick took food

15  items that plaintiff had purchased and threw them on the cell floor.  Plaintiff found his toothbrush

16  under the toilet.

17       Plaintiff alleges that defendant Brevick's search of his cell violated the Eighth and

18  Fourteenth Amendments and the Equal Protection Clause.

19       The Eighth Amendment protects inmates from cell searches that are conducted solely for

20  the purpose of harassment.  Hudson v. Palmer, 468 U.S. 517, 530 (1984).  Courts have found that

21  frequent and retaliatory cell searches that "result in the 'violent dishevelment of [the prisoner's]

22  cell' and cause the prisoner to suffer 'fear, mental anguish, and misery,' constitute an Eight

23  Amendment violation."  Scher v. Engelke, 943 F.2d 921, 924 (8th Cir. 1991 (inmate's cell

24  searched ten times in nineteen days and left in disarray after three searches); see also Blanks v.

25  Smith, 790 F.Supp. 192, 193–94 (E.D. Wis.1992) (daily body cavity and cell searches for a

26  period of two weeks); Williams v. Southwoods State Prison, 2007 WL 1752088, *3 (D. N.J. June

27  13, 2007) (three cell searches in three days, followed by the filing of two disciplinary reports).

28       Based on the case law set forth above, the undersigned finds that plaintiff has not stated a

3

1    potentially colorable Eighth Amendment claim based on defendant Brevick's alleged "trashing"

2    of his cell on the one occasion alleged.  Accordingly, this claim is dismissed.

3        Plaintiff may be claiming that the destruction of his personal property violated the

4    Fourteenth Amendment.  The United States Supreme Court has held that "an unauthorized

5    intentional deprivation of property by a state employee does not constitute a violation of the

6    procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

7    post-deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

8    Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional

9    deprivations constitute actionable violations of the Due Process Clause.  An authorized

10    deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

11    Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg,

12    832 F.2d 1142, 1149 (9th Cir. 1987).

13        In the instant case, plaintiff has not alleged any facts which suggest that the deprivation

14    was authorized.  In other words, plaintiff does not allege that defendant Brevick followed state

15    procedures when allegedly "trashing" his cell.  The California Legislature has provided a remedy

16    for tort claims against public officials in the California Government Code, §§ 900, et seq.

17    Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal

18    court on the claim that the state deprived him of property without due process of the law.

19        The grounds of plaintiff's Equal Protection claim are unclear.  "Prisoners are protected

20    under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination

21    based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Plaintiff's complaint contains

22    no allegations regarding race discrimination.  Accordingly, plaintiff's Equal Protection claim is

23    dismissed.

24        *Claim Two*

25        Plaintiff alleges that he is mobility impaired, uses mobility assistance devices, suffers

26    from congestive heart failure and has respiratory issues that require him to use a CPAP machine.

27        Plaintiff alleges that after searching his cell on January 16, 2019, defendant Brevick left

28    his cell in such a state of disarray that plaintiff had no clear path of travel in his cell.  Plaintiff

1   allege that he was unable to navigate or maneuver in his cell or use his CPAP machine.  Plaintiff

2   alleges that defendant Brevick knew that plaintiff was mobility impaired and had medical

3   conditions.  Plaintiff alleges that because he was unable to navigate and maneuver in his cell after

4   the search by defendant Brevick, plaintiff fell and injured his head, ribs and lower leg.  Plaintiff

5   alleges that he slipped and fell on hair gel that spilled from an open bottle of hair gel that

6   defendant Brevick left on the floor.  Plaintiff was taken by ambulance to an outside hospital for

7   medical treatment.

8        In claim two, plaintiff alleges violations of the Americans with Disabilities Act ("ADA")

9   and the Eighth and Fourteenth Amendments.

10       Plaintiff's allegations that Brevick left his cell in such disarray that he was unable to

11  navigate, including leaving spilled hair gel on the floor, that caused plaintiff (who is mobility

12  impaired) to fall and injure himself, states a potentially colorable Eighth Amendment claim.  See

13  Helling v. McKinney, 509 U.S. 25,  33 (1993) (the Eighth Amendment "requires that inmates be

14  furnished with the basic human needs, one of which is 'reasonable safety,'" and "hold[ing]

15  convicted criminals in unsafe conditions" constitutes cruel and unusual punishment.)

16       In the allegations made in support of claim one and claim two, plaintiff alleges that he was

17  unable to use his CPAP machine after defendant Brevick scattered the parts of the machine

18  around the floor and confiscated the pillows required for its use.  Based on these allegations, the

19  undersigned finds that plaintiff has stated a potentially colorable claim against defendant Brevick

20  for violation of plaintiff's Eighth Amendment right to adequate medical care.

21       Plaintiff's claim that defendant Brevick caused him to fall and suffer injuries does not

22  state a potentially colorable Fourteenth Amendment claim.  Accordingly, this claim is dismissed.

23       Title II of the ADA provides that "no qualified individual with a disability shall, by reason

24  of such disability, be excluded from participation in or be denied the benefits of the services,

25  programs, or activities of a public entity, or be subjected to discrimination by any such entity."

26  42 U.S.C. § 12132.  Title II authorizes suits by private citizens for money damages against public

27  entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely

28  within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524

1   U.S. 206, 210 (1998).

2        "A plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his

3   or] her individual capacity to vindicate rights created by Title II of the ADA...." Vinson v.

4   Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).  The proper defendant in a Title II claim is the

5   public entity allegedly responsible for the discrimination.  The term "public entity" includes state

6   prisons.  See Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. at 210 (holding state prisons are

7   public entities under Title II).  A state official acting in his official capacity may be a proper

8   defendant pursuant to an ADA Title II claim.  Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88

9   (9th Cir. 2003).

10       However, to state a potentially colorable ADA claim against a state official in their

11  official capacity, plaintiff must allege a policy or custom of the public entity that allegedly

12  violates federal law.  See Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Because the real party in

13  interest in an official-capacity suit is the governmental entity and not the named official, the

14  entity's policy or custom must have played a part in the violation of federal law." (citation and

15  internal quotation marks omitted)).

16       In claim two, plaintiff does not allege that a policy or custom of a public entity played a

17  part in defendant Brevick's conduct.  For this reason, plaintiff has failed to state a potentially

18  colorable ADA claim against defendant Brevick in their official capacity.  Accordingly,

19  plaintiff's ADA claim against defendant Brevick is dismissed.

20       *Claim Three*

21       Plaintiff alleges that when he discovered the condition of his cell after the search by

22  defendant Brevick, plaintiff asked to speak with the floor sergeant, defendant Moran.  When

23  defendant Moran arrived at his cell, plaintiff complained about the condition of his cell after the

24  search by defendant Brevick.  Defendant Moran became agitated with plaintiff.  Plaintiff

25  requested that pictures be taken of his cell.  Defendant Moran told plaintiff that pictures had

26  already been taken of his cell before and after the search.

27       Plaintiff is a participant in the Mental Health Care Services Delivery System at the CCMS

28  level of care.  Plaintiff alleges that returning to his cell had an adverse material effect on his

mental health.  Plaintiff felt the need to speak with mental health staff and made this request to defendant Moran.  Defendant Moran denied plaintiff's request, stating, "There's nothing wrong with you.  You look fine to me and I'm not contacting mental health because of this."  Plaintiff alleges that defendant Moran denied his request to speak with mental health staff in order to hide the wrongdoing by defendant Brevick, rather than based on plaintiff's need for mental health care.

Plaintiff asked defendant Moran for the assistance of an assigned ADA worker to help plaintiff clean his cell.  Defendant Moran denied this request.

Plaintiff alleges that he was forced to stand at the cell door (as it was the only available space) for one hour until 1700 hours, at which time he would be let out for dinner.  Plaintiff alleges that between 1700 and 2100 hours, plaintiff continued to ask the housing officers for an ADA worker to assist him in cleaning his cell because plaintiff is mobility impaired.  Plaintiff also continued to ask for mental health services.

At 2100 hours, the housing unit officers informed plaintiff that contact had been made with defendant Moran who instructed them to tell plaintiff to return to his cell or sit in the dayroom and suffer the consequences of failing to follow a direct order.  Upon returning to his cell, plaintiff fell on the spilled hair gel and had to be taken by ambulance to an outside hospital.

Plaintiff alleges that defendant Moran's refusal to contact mental health staff violated his Eighth Amendment rights.  These allegations state a potentially colorable Eighth Amendment claim.

Plaintiff alleges that defendant Moran's failure to grant plaintiff's request for an ADA worker to help clean his cell violated the ADA and the Eighth Amendment.  Plaintiff's allegations that defendant Moran denied his request for an ADA worker to help him clean his cell states a potentially colorable Eighth Amendment claim.

Plaintiff's claim that defendant Moran denied his request for an ADA worker does not state a potentially colorable ADA claim because plaintiff does not allege that a policy or custom of a public entity played a part in the alleged denial of his request for an ADA worker.  See Hafer v. Melo, supra.  For these reasons, plaintiff's ADA claim against defendant Moran is dismissed.

7

*Conclusion*

For the reasons discussed above, the undersigned finds that plaintiff has stated the following potentially colorable claims:  1) defendant Brevick allegedly violated the Eighth Amendment by leaving plaintiff's cell in such disarray that it caused plaintiff to fall and injure himself; 2) defendant Brevick allegedly violated plaintiff's Eighth Amendment right to adequate medical care by rendering plaintiff's CPAP machine unusable; 3) defendant Moran allegedly violated the Eighth Amendment by denying plaintiff's requests to see mental health staff and for an ADA worker to help clean his cell.  Plaintiff's remaining claims are dismissed.

Plaintiff may proceed forthwith to serve defendants Brevick and Moran as to those claims found potentially colorable or he may delay serving any defendant and attempt to cure the pleading defects discussed above.

If plaintiff elects to attempt to amend his complaint, he has thirty days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Moran and Brevick as to his potentially colorable claims for relief, he shall return the attached notice within thirty days.  Following receipt of that notice, the court will order service of defendants Moran and Brevick as to the claims found potentially colorable.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act

1    he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the

2    victim of a conspiracy, he must identify the participants and allege their agreement to deprive him

3    of a specific federal constitutional right.

4        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

5    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

6    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

7    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

8        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

9    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

10   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

11   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

12   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

13   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

14   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must

15   not include any preambles, introductions, argument, speeches, explanations, stories, griping,

16   vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

17   Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

18   violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

19   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

20   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

21   pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

22   many defendants with unexplained, tenuous or implausible connection to the alleged

23   constitutional injury, or joining a series of unrelated claims against many defendants, very likely

24   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

25   action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

26       A district court must construe a pro se pleading "liberally" to determine if it states a claim

27   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

28   opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

1   not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

3   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

4   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

5   U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> 6   A claim has facial plausibility when the plaintiff pleads factual
> 7   content that allows the court to draw the reasonable inference that the
>     defendant is liable for the misconduct alleged. The plausibility
> 8   standard is not akin to a "probability requirement," but it asks for
>     more than a sheer possibility that a defendant has acted unlawfully.
> 9   Where a complaint pleads facts that are merely consistent with a
>     defendant's liability, it stops short of the line between possibility and
> 10  plausibility of entitlement to relief.

11  Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

12  can provide the framework of a complaint, they must be supported by factual allegations, and are

13  not entitled to the assumption of truth.  Id. at 1950.

14          An amended complaint must be complete in itself without reference to any prior pleading.

15  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

16  ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

17  existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

18  pleading is superseded.

19          By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

20  has evidentiary support for his allegations, and for violation of this rule the court may impose

21  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

22          A prisoner may bring no § 1983 action until he has exhausted such administrative

23  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.

24  Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental

25  policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir]

26  welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC

27  form 602 that asks simply that the prisoner "describe the problem" and "action requested."

28  Therefore, this court ordinarily will review only claims against prison officials within the scope of

the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All claims but for the following claims are dismissed with leave to amend: 1) defendant Brevick allegedly violated the Eighth Amendment by leaving plaintiff's cell in such disarray after the search that it caused plaintiff to fall; 2) defendant Brevick allegedly violated plaintiff's Eighth Amendment right to adequate medical care by rendering plaintiff's CPAP machine unusable; and 3) defendant Moran allegedly violated the Eighth Amendment by denying plaintiff's requests to see mental health staff and for an ADA worker to help clean his cell. Within thirty days of service of this order, plaintiff may file an amended complaint. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially colorable Eighth Amendment claims against defendants Brevick and Moran. See 28 U.S.C. § 1915A. If plaintiff opts to proceed on his original complaint as to these defendants, he shall return the attached notice within thirty days of service of this order.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: February 2, 2021

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Perry65.ame

11

1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JACK LEE PERRY,                              No.  2: 21-cv-0065 KJN P

12                   Plaintiff,

13           v.                                    NOTICE

14    BREVICK, et al.,

15                   Defendants.

16

17           Plaintiff opts to proceed with the original complaint as to the following claims:  1)
      defendant Brevick allegedly violated the Eighth Amendment by leaving plaintiff's cell in such
18    disarray that it caused plaintiff to fall and injure himself; 2) defendant Brevick allegedly violated
      plaintiff's Eighth Amendment right to adequate medical care by rendering plaintiff's CPAP
19    machine unusable; and 3) defendant Moran allegedly violated the Eighth Amendment by denying
      plaintiff's requests to see mental health staff and for an ADA worker to help clean his cell.
20           Plaintiff consents to the dismissal of his remaining claims against defendants Brevick and
      Moran without prejudice.  _____

21           OR

22           _____  Plaintiff opts to file an amended complaint and delay service of process.

23    DATED:

24                                                 _____
                                                   Plaintiff
25

26

27

28