UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LEE PERRY,<br><br>        Plaintiff,<br><br>   v.<br><br>BREVICK, et al.,<br><br>        Defendants. | No. 2:21-cv-0065 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Pending before the court is plaintiff's January 3, 2022 motion for appointment of counsel and motion for an extension of time, construed as a motion to modify the scheduling order. (ECF No. 30.) Defendants did not file a response to these requests.

Motion for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

1

legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Motion to Modify the Scheduling Order

Modification of a scheduling order requires a showing of good cause, Fed.R.Civ.P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992).

The discovery deadline is March 4, 2022. (ECF No. 29 at 5.) The dispositive motion deadline is May 27, 2022. (Id.) In the pending motion, plaintiff requests that these deadlines be extended by 120 days. (ECF No. 30 at 5.) The grounds of this request appear to be the same as the grounds for the motion for appointment of counsel. In particular, plaintiff alleges that he has serious health problems which impact his ability to litigate this action, including congestive heart failure. (Id. at 1.) Plaintiff alleges inadequate law library access due to the COVID-19 pandemic. (Id. at 2-3.) Plaintiff also alleges difficulty in contacting inmate witnesses due to staff shortages caused by the COVID-19 pandemic. (Id. at 4.)

Good cause appearing plaintiff's unopposed motion to modify the scheduling order is granted. However, the discovery and dispositive motion deadlines are extended by 90 days rather than 120 days, as requested.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 30) is denied without prejudice;
2. Plaintiff's motion for an extension of time, construed as a motion to modify the scheduling order (ECF 30), is granted;

3. The March 4, 2022 discovery deadline is vacated and reset to June 6, 2022; any motions necessary to compel discovery shall be filed by June 6, 2022; all requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to June 6, 2022;

4. The May 27, 2022 dispositive motion deadline is vacated and reset to August 26, 2022.

Dated:  February 1, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

perr0065.31