1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JACK LEE PERRY,                          No.  2: 21-cv-0065 WBS KJN P

12                    Plaintiff,

13          v.                                  ORDER

14    BREVICK, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel.  (ECF No. 38.)

19    For the reasons stated herein, defendants are ordered to file further briefing regarding their

20    response to plaintiff's request for production of documents, no. 6.

21    Plaintiff's Claims

22          This action proceeds on plaintiff's original complaint filed January 11, 2021, against

23    defendants Brevick and Moran as to the following claims:  1) on January 16, 2019, defendant

24    Brevick allegedly violated the Eighth Amendment by leaving plaintiff's cell in such disarray that

25    it caused plaintiff to injure himself; 2) defendant Brevick violated plaintiff's Eighth Amendment

26    right to adequate medical care by rendering plaintiff's CPAP machine unusable; and 3) defendant

27    Moran alleged violated the Eighth Amendment by denying plaintiff's request to see mental health

28    staff and for an ADA worker to help clean his cell.

1

1    Legal Standard for Motion to Compel

2         The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

3    Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

4    defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within

5    this scope of discovery need not be admissible in evidence to be discoverable." Id. The court,

6    however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

7    from some other source that is more convenient, less burdensome, or less expensive;" or if the

8    party who seeks discovery "has had ample opportunity to obtain the information by discovery;"

9    or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

10   26(b)(2)(C).

11        "The party seeking to compel discovery has the burden of establishing that its request

12   satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794, at

13   *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has

14   the burden of showing that the discovery should be prohibited, and the burden of clarifying,

15   explaining or supporting its objections." Id. The opposing party "has the burden to show that

16   discovery should not be allowed…" DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal.

17   2002).

18   Discussion

19        In the motion to compel, plaintiff seeks a further response to his request for production of

20   documents, first set, no. 6. In request no. 6, plaintiff sought all documents concerning the

21   existence at any time of any video, audio, photographic or other recording of plaintiff's cell or

22   housing unit at the California Medical Facility ("CMF") at the time of the events. (ECF No. 38 at

23   6.) Without waiving objections, defendants responded that pictures of plaintiff's cell are

24   purportedly attached to the inmate appeal related to this incident. (Id. at 7.) Defendant responded

25   that the relevant pictures are found in the appeal records produced by defendants on Bates Nos.

26   AGO 000015-000016, 000019, and 000027-000030. (Id.)

27        In the motion to compel, plaintiff argues that the photos attached to his appeal, referred to

28   in defendants' response, are photos taken on January 17, 2019, i.e., after defendant allegedly

2

searched his cell on January 16, 2019.  (<u>Id.</u> at 2.)  Plaintiff alleges that he is seeking the photos

taken prior to and after the search of his cell on January 16, 2019.  (<u>Id.</u>)  Plaintiff contends that in

response to interrogatory no. 4, defendant Moran advised plaintiff that photos of his cell were

taken on January 16, 2019.  (<u>Id.</u>)  In interrogatory no. 4, plaintiff asked defendant Moran, "Upon

your arriv[al] to Mr. Perry's cell, did he request that pictures be taken of his cell, and you told Mr.

Perry that pictures had already been taken of his cell before and after the search?"  (<u>Id.</u> at 13.)

Without waiving objections, defendant Moran responded, "Yes."  (<u>Id.</u>)

        In the opposition, defendants argue that the motion to compel is untimely.  (ECF No. 41 at

3.)  Defendants argue that plaintiff filed the motion to compel on October 11, 2022, which is two

months after the July 29, 2022 deadline to file a motion to compel.  (<u>Id.</u>)

        On August 10, 2022, the undersigned granted plaintiff a sixty-days extension of time to

file a motion to compel regarding defendants' responses to his request for production of

documents and interrogatories.  (ECF No. 36.)  Accordingly, plaintiff's motion to compel filed

October 11, 2022, is timely.

        In the opposition, defendants argue that plaintiff's motion to compel should be denied

because he failed to meet and confer regarding the discovery disputes as required by Federal Rule

of Civil Procedure 37(a)(1).  (ECF No. 41 at 4.)  The discovery and scheduling order filed in this

action states that, unless otherwise ordered, Local Rule 251 does not apply.  (ECF No. 29 at 5.)

Local Rule 251 sets for the requirement for meeting and conferring prior to filing motions to

compel.  While meeting and conferring prior to filing motions to compel is the preferred practice,

it is not grounds to deny plaintiff's motion to compel.

        In the opposition, defendants argue that the motion to compel should be denied because

defendants provided all responsive documents available to them.  (ECF No. 41 at 3.)  Defendants

refer to the declaration of defense counsel attached to the motion to compel.  Defense counsel

states that on June 29, 2022, defendants mailed their responses to the request for production of

documents and the full production of documents.  (<u>Id.</u> at 5.)  Defense counsel states that upon

further review in response to plaintiff's motion to compel, defendants confirmed that they

produced all relevant and responsive documents in response to request no. 6.  (<u>Id.</u>)  Defense

3

1  counsel states that defendants confirmed that they are not in possession of photographs taken of

2  plaintiff's cell on January 16, 2019.  (Id.)

3         When responding to a request for production of documents, a party is required to produce

4  all relevant documents in its "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Actual

5  possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a

6  document in the possession of a non-party entity if that party has a legal right to obtain the

7  document or has control over the entity who is in possession of the document."  Soto v. City of

8  Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).  "Accordingly, a party has an obligation to

9  conduct a reasonable inquiry into the factual basis of his responses to discovery."  Hartline v.

10  National University, 2018 WL 1014611, at *3 (E.D. Cal. Feb. 22, 2018) (citing National Ass's of

11  Radiation Survivors v.Turnage, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987)).  "Based on that

12  inquiry, a party responding to a request for production 'is under an affirmative duty to seek that

13  information reasonably available" to it and make an appropriate production of responsive

14  documents.'"  Id. (quoting Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992)).

15         Defendants must "conduct a diligent search and reasonable inquiry in effort to obtain

16  responsive documents."  See Kaur v. Alameida, 2007 WL 1449723, *2 (E.D. Cal. May 15, 2007)

17  (ordering defendants to conduct additional research for responsive documents and reminding

18  defendants and counsel "of their duty under Rule 34 to conduct a diligent search and reasonable

19  inquiry in effort to obtain responsive documents").

20         After reviewing defense counsel's declaration, the undersigned cannot determine whether

21  defendants made a reasonable inquiry and exercised due diligence in searching for the

22  photographs sought in request no. 6.  See Atcherley v. Clark, 2014 WL 4660842, at *1 (E.D. Cal.

23  Sept. 17, 2014) ("In responding to discovery requests, a reasonable inquiry must be made, and if

24  no responsive documents or tangible things exist, the responding party should so state with

25  sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry

26  and exercised due diligence.") (citation omitted).  Accordingly, defendants are ordered to file

27  further briefing addressing the inquiry they made regarding the photographs responsive to request

28  no. 6.

4

1    In their further briefing, defendants shall describe their inquiry for the requested

2   photographs, including to whom their request for the photographs was made.[1]  Defendants shall

3   also address whether they were able to determine whether photographs were taken of plaintiff's

4   cell on January 16, 2019, and if so, why those photographs cannot be located.

5    Defendant Moran's response to interrogatory no. 4 suggests that he may have personal

6   knowledge regarding whether photographs were taken of plaintiff's cell on January 16, 2019.  In

7   their further briefing, defendants shall address whether defendant Moran knows if photographs

8   were taken of plaintiff's cell on January 16, 2019, and if so, whether he knows what happened to

9   those photographs after January 16, 2019.

10    Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the date of this

11   order, defendants shall file further briefing in response to request for production of documents no.

12   6, as discussed above.

13   Dated:  December 8, 2022

14

15   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

16

17   Per65.com

18

19

20

21

22

23

24

25

26

27

---

28   [1]   In their further briefing, defendants may file the declaration of the person who searched for the
     photographs, which may be the Litigation Coordinator.

5