UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LEE PERRY,<br><br>              Plaintiff,<br><br>      v.<br><br>BREVICK, et al.,<br><br>              Defendants. | No.  2: 21-cv-0065 WBS KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel.  (ECF No. 38.) For the reasons stated herein, plaintiff's motion to compel is denied.

Plaintiff's Claims

This action proceeds on plaintiff's original complaint filed January 11, 2021, against defendants Brevick and Moran as to the following claims:  1) on January 16, 2019, defendant Brevick allegedly violated the Eighth Amendment by leaving plaintiff's cell in such disarray that it caused plaintiff to injure himself; 2) defendant Brevick allegedly violated plaintiff's Eighth Amendment right to adequate medical care by rendering plaintiff's CPAP machine unusable; and 3) defendant Moran allegedly violated the Eighth Amendment by denying plaintiff's request to see mental health staff and for an ADA worker to help clean his cell.

////

1

Legal Standard for Motion to Compel

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Id. The opposing party "has the burden to show that discovery should not be allowed…" DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

Discussion

In the motion to compel, plaintiff sought a further response to his request for production of documents, first set, no. 6. In request no. 6, plaintiff sought all documents concerning the existence at any time of any video, audio, photographic or other recording of plaintiff's cell or housing unit at the California Medical Facility ("CMF") at the time of the events. (ECF No. 38 at 6.) Without waiving objections, defendants responded that pictures of plaintiff's cell were purportedly attached to the inmate appeal related to this incident. (Id. at 7.) Defendant responded that the relevant pictures were found in the appeal records produced by defendants on Bates Nos. AGO 000015-000016, 000019, and 000027-000030. (Id.)

In the motion to compel, plaintiff argued that the photos attached to his appeal, referred to in defendants' response, were photos taken on January 17, 2019, i.e., after defendant Brevick

1    allegedly searched his cell on January 16, 2019.  (Id. at 2.)  Plaintiff claimed that he was seeking
2    the photos taken prior to and after the search of his cell on January 16, 2019.  (Id.)  Plaintiff
3    claimed that in response to interrogatory no. 4, defendant Moran advised plaintiff that photos of
4    his cell were taken on January 16, 2019.  (Id.)  In interrogatory no. 4, plaintiff asked defendant
5    Moran, "Upon your arriv[al] to Mr. Perry's cell, did he request that pictures be taken of his cell,
6    and you told Mr. Perry that pictures had already been taken of his cell before and after the
7    search?"  (Id. at 13.)  Without waiving objections, defendant Moran responded, "Yes."  (Id.)

8          On December 8, 2022, the undersigned found that he could not determine whether
9    defendants made a reasonable inquiry and exercised diligence in searching for the photographs
10   sought in request no. 6.  (ECF No. 42 at 4.)  The undersigned ordered defendants to file further
11   briefing describing their inquiry for the requested photographs.  (Id. at 5.)  The undersigned
12   ordered defendants to address whether defendant Moran knew if photographs were taken of
13   plaintiff's cell on January 16, 2019, and if so, whether he knew what happened to those
14   photographs after January 16, 2019.  (Id.)

15         On December 29, 2022, defendants filed further briefing in response to the December 8,
16   2022 order.  (ECF No. 43.)  Defendants provide the declaration of B. Ebert, Litigation
17   Coordinator at CMF.  (ECF No. 43-2.)  B. Ebert states that at the request of the Office of the
18   California Attorney General, he coordinated with the Housing Unit staff to conduct a diligent
19   search for all photographs of plaintiff's cell on or about January 16, 2019.  (Id. at 2.)  B. Ebert
20   instructed the "ISU" staff and all units to check their computers, memory cards, and any other
21   storage devices for relevant photographs.  (Id.)

22         On or about November 15, 2022, B. Ebert received confirmation from the Housing Unit
23   staff that they checked all of their unit computers and memory cards, and they did not discover
24   any photographs of plaintiff's cell taken on or about January 16, 2019.  (Id.)  The "ISU" staff also
25   requested assistance from the Information Technology ("IT") staff to conduct a search of its
26   remote data records for any relevant photographs.  (Id.)  The IT staff also did not locate any
27   responsive photographs, and advised that there was no way to recover photographs if they ever
28   existed.  (Id.)

3

1   In their further briefing, defendants provided the declaration of defendant Moran. (ECF No. 43-1.) Defendant Moran states that in January 2019, he was employed as an Investigate Services Unit Sergeant at the California Department of Corrections and Rehabilitation ("CDCR"). (Id. at 1.) On January 16, 2019, defendant Moran had a conversation with plaintiff after a search of plaintiff's cell by defendant Brevick. (Id.) When defendant Moran discussed the issue with plaintiff, defendant Moran believed that photos may have been taken of plaintiff's cell either before or after the search, but defendant did not take any photos himself and did not see any CDCR staff taking photos of the cell either. (Id. at 1-2.) Defendant Moran states that the Housing Unit Lieutenant has the authority to decide whether to take photographs of an inmate's cell before or after a search. (Id. at 2.) Defendant Moran has no recollection of speaking to the Housing Unit Lieutenant on January 16, 2019, to confirm whether photographs were taken of plaintiff's cell. (Id.) Defendant Moran also did not see any photographs of plaintiff's cell taken on January 16, 2019, and is not aware of whether such photographs exist. (Id.)

In his declaration, defendant Moran states that in response to the request for production of documents, he confirmed that he does not possess any photographs taken on January 16, 2019, that are responsive to plaintiff's request. (Id.) The Housing Unit staff also conducted a search and could not find any relevant photographs in their possession. (Id.)

Defendants' further briefing demonstrates that, after a diligent search, photographs taken of plaintiff's cell on January 16, 2019, cannot be located. For this reason, plaintiff's motion to compel defendants to produce these photographs is denied.[1]

////
////
////

---

[1] The undersigned observes that in response to interrogatory no. 4, defendant Moran indicated that he told plaintiff that pictures of his cell were taken before and after the search. (ECF No. 38 at 13.) In his declaration filed in support of the further briefing, defendant Moran indicates that when he made this statement to plaintiff, he believed that photos of plaintiff's cell *may* have been taken. Defendant Moran may be required to clarify his response to interrogatory no. 4 at a later stage of these proceedings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 38) is denied.

Dated:  January 4, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Per65.com(2)