UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LEE PERRY, | No. 2:21-cv-00065 WBS KJN |
| Plaintiff, | |
| v. | ORDER |
| BREVICK, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, filed this civil rights action on January 11, 2021, seeking relief under 42 U.S.C. § 1983.  Plaintiff alleges that defendants violated his rights under the Eighth Amendment[1] when they conducted a search of his cell that displaced and damaged his property, left his cell in an unsafe condition, and denied him mental health services.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On July 31, 2023, defendants filed a motion for summary judgment on all of plaintiff's remaining claims on the grounds, *inter alia*, that they have qualified immunity.  (ECF No. 56.)  On August 9, 2023, the magistrate judge ordered plaintiff to file an opposition to the pending

---

[1] Plaintiff's complaint also originally alleged that defendants violated the Fourteenth Amendment and Americans With Disabilities Act, but the magistrate judge dismissed those claims as frivolous in his screening order.  (See ECF No. 7.)

1

1 motion within thirty days. (ECF No. 58.) On September 27, 2023, the magistrate judge granted
2 plaintiff an additional forty-five days to file his opposition. (ECF No. 62.) After plaintiff failed
3 to file an opposition within the allotted time, on November 30, 2023, the magistrate judge filed
4 findings and recommendations, recommending that rather than considering plaintiff's failure to
5 comply with that order as a waiver of opposition, this court should *sua sponte* dismiss this action
6 without prejudice pursuant to Federal Rule of Civil Procedure 41(b). Neither party has filed
7 objections to the findings and recommendations. For the following reasons, the court declines to
8 follow the magistrate judge's recommendation.

9 I. Federal Rule of Civil Procedure 41(b).

10   A. Failure to Prosecute.

11   Rule 41(b) allows the court to dismiss an action either for failure to prosecute or for
12 failure to comply with the rules or a court order. See Fed. R. Civ. Proc. 41(b). As the
13 undersigned has previously explained, "if the dismissal is for failure to prosecute, it is usually
14 because the court has concluded that plaintiff is no longer interested in pursuing his action." See
15 Hendrix v. Gomez, No. 2:21-cv-01062 WBS EFB, 2024 WL 216139, at *1 (E.D. Cal. Jan. 19,
16 2024) (citing Huey v. Teledyne, Inc., 608 F.2d 1234, 1238 (9th Cir. 1979); Ace Novelty Co. v.
17 Gooding Amusement Co., 664 F.2d 761, 762–63 (9th Cir. 1981)).

18   A plaintiff's abandonment of the case alone may be sufficient reason in itself to dismiss an
19 action under Rule 41(b). See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000).
20 However, "just because a pro se plaintiff does not file a response to a motion for summary
21 judgment, even when ordered to do so, does not necessarily mean he wishes to abandon his entire
22 action altogether." Hendrix, 2024 WL 216139, at *1.

23   Here, it appears that plaintiff has numerous life circumstances that might make litigation
24 of this action more difficult, including the recent death of his mother and pre-existing and new
25 mental and physical health conditions. (See ECF No. 60.) These factors, which previously
26 prompted plaintiff to request an extension of time to respond to the motion, suggest that
27 plaintiff's failure to comply with the court order may not have been due to abandonment of his
28 case.

2

B.  <u>Failure to Comply with Court Order.</u>

"Dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances.'" <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1063 (9th Cir. 2004) (quoting <u>Dahl v. City of Huntington Beach</u>, 84 F.3d 363, 366 (9th Cir. 1996)).  In determining whether to dismiss a case as a sanction for failure to comply with a court order, the district court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (quoting <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986)); see also <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995).

1.  <u>The public's interest in expeditious resolution of litigation.</u>

It is important that disputes be resolved promptly.  And as the Ninth Circuit has observed, summary dismissal is typically the quickest way to dispose of an action.  See <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002).  "However, the speediest resolution is not always the most just.  In our zeal to decide matters promptly, judges must not lose sight of our obligation to decide them fairly." <u>Hendrix</u>, 2024 WL 216139, at *2 (citing <u>Nealey v. Transportacion Maritima Mexicana, S. A.</u>, 662 F.2d 1275, 1279 (9th Cir. 1980)).

Here, defendants' motion for summary judgment has been fully briefed, specifically raising the issue of qualified immunity.  (<u>See</u> ECF No. 56.)  The court concludes that this matter can be resolved just as expeditiously by considering the merits of defendants' arguments as it can be by summarily dismissing plaintiff's action as a sanction for his failure to file a formal opposition to the motion.

2.  <u>The court's need to manage its docket.</u>

Case management is indeed an important consideration.  However, in this court's view, it is important that judges not appear to be placing their own convenience in managing their caseload ahead of the interests of the litigants and the public to have their motions adjudicated on the merits of the issues presented.

3

### 3. The risk of prejudice to the defendants.

In his findings and recommendations, the magistrate judge opined that, "[p]laintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense." In the court's view, such a finding is fallacious. The court finds no prejudice at all to defendants stemming from plaintiff's failure to oppose the defendants' motion. If plaintiff had filed an opposition, defendants would have had to file a reply. Because plaintiff filed no opposition, defendants do not have to file a reply, thereby saving defendants the time and expense of doing so. If anything, plaintiff's failure to file an opposition hastened and simplified resolution of this action over what it would have taken if plaintiff had filed an opposition.

### 4. The public policy favoring disposition on the merits.

Because public policy favors disposition of cases on the merits, this factor always weighs against dismissal. See Pagtalunan, 291 F.3d at 643. The court notes, in addition, that defendants moved for summary judgment, not for dismissal as a sanction. Although Rule 41(b) provides that dismissal under that rule operates as an adjudication on the merits, the magistrate judge recommended that the dismissal be without prejudice. As such, adopting the magistrate judge's recommendation might not preclude plaintiff from later refiling another action based on the same incident.

Defendants' preference for adjudication of their motion on its merits is particularly understandable here because defendants assert qualified immunity, which functions as "an immunity from suit rather than a mere defense to liability." See Pearson v. Callahan, 555 U.S. 223, 231 (2009). If plaintiff is able to again bring claims that are rightly barred by qualified immunity, defendants' immunity from suit would be frustrated. Further, the Attorney General has an interest in further developing the body of qualified immunity case law. Cf. id. at 236 (the qualified immunity analysis "promotes the development of constitutional precedent and is especially valuable with respect to questions that do not frequently arise in cases in which a qualified immunity defense is unavailable").

### 5. The availability of less drastic alternatives.

4

Local Rule 230(c) provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." That is an alternative to summary dismissal which our local rules seem to deem suitable. Also, in prisoner cases such as this one, Local Rule 230(l) provides that "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Under the circumstances of this case, the court finds submission of defendants' motion without input from plaintiff, as contemplated by Local Rules 239(c) and (l), to be the most appropriate remedy to deal with plaintiff's failure to file an opposition. These less drastic alternatives are especially appropriate given that it does not appear the magistrate judge's orders specifically warned plaintiff that failure to file an opposition could result in dismissal. (See ECF Nos. 58, 62.)

    C.    <u>Conclusion.</u>

Plaintiff appears to have diligently prosecuted this case until his recent change in life circumstances, including an election to proceed with his complaint in response to the magistrate judge's screening order on March 5, 2021 (ECF No. 12), the submission of a confidential settlement statement on August 30, 2021 (ECF No. 24), participation in a settlement conference on September 20, 2021 (ECF No. 26), a motion to appoint counsel and modify the scheduling order on January 3, 2022 (ECF No. 30), a motion to compel on October 11, 2022 (ECF No. 38), an opposition to an earlier motion for partial summary judgment, which was later withdrawn by defendants, on March 13, 2023 (ECF No. 48), multiple change of address notices, the most recent of which was filed on August 7, 2023 (ECF Nos. 32, 37, 57), and a successful motion for extension of time to file an opposition to the instant motion for summary judgment on September 7, 2023 (ECF No. 60). Considering the totality of the circumstances in this case, the court will not exercise its discretion to dismiss for lack of prosecution under Rule 41(b).

With regard to plaintiff's failure to comply with the magistrate judge's order, the first two <u>Ferdik</u> factors tend to support dismissal under Rule 41(b). It would undoubtedly be easier and simpler to follow the magistrate judge's recommendation and summarily dismiss this action for lack of prosecution or for failure to comply with the court's order without any consideration of

1 the merits of defendants' motion. However, the third, fourth, and fifth factors weigh more
2 heavily against dismissal. The court finds no prejudice whatsoever to defendants from the failure
3 of plaintiff to file an opposition to their motion; there is a strong public interest in allowing
4 defendants to be heard on the merits of their defense of qualified immunity from suit on
5 plaintiff's claim; and the less drastic procedure set forth in the local rules is both available and
6 fitting in this case. Accordingly, in the exercise of its discretion, the court will decline to exercise
7 its authority to dismiss as a sanction under Rule 41(b), and will consider defendants' motion for
8 summary judgment on its merits.

9 II. Qualified Immunity.

10 The magistrate judge previously screened plaintiff's complaint, dismissing all but the
11 following claims: (1) violation of the Eighth Amendment based on defendant Brevick's search of
12 plaintiff's cell that left it in such disarray that it caused plaintiff to fall and injure himself; (2)
13 violation of the Eighth Amendment based on defendant Brevick's damage of plaintiff's CPAP
14 machine, depriving plaintiff of his right to adequate medical care; and (3) violation of the Eighth
15 Amendment based on defendant Moran's denial of plaintiff's requests to see mental health staff
16 and for assistance with cleaning his cell. (See Docket Nos. 7, 12.) Defendants' motion seeks
17 summary judgment on all of these claims.

18 Qualified immunity applies unless (1) the official's conduct violated a constitutional right,
19 and (2) that right was clearly established. Pearson, 555 U.S. at 232. The district court has
20 discretion to determine "which of the two prongs of the qualified immunity analysis should be
21 addressed first in light of the circumstances in the particular case at hand." Id. at 236; see also
22 Orn v. City of Tacoma, 949 F.3d 1167, 1174 (9th Cir. 2020).

23 A right is clearly established for purposes of determining qualified immunity if the
24 "contours of the right were sufficiently clear that a reasonable official would understand that what
25 he is doing violates that right." Saucier v. Katz, 533 U.S. 194, 202 (2001), overruled on other
26 grounds by Pearson, 555 U.S. at 232. In determining whether the right at issue was clearly
27 established, the court may not "define clearly established law at a high level of generality." See
28 Ashcroft v. Al-Kidd, 563 U.S. 731, 742 (2011). Rather, "the clearly established law must be

particularized to the facts of the case." White v. Pauly, 580 U.S. 73, 79 (2017) (internal quotation marks omitted).

Plaintiff alleges that defendant Brevick's damage of his CPAP machine, specifically the loss of the nasal pillows, deprived him of his right to adequate medical care. (See ECF No. 1 at 3, 5.) With regard to the first step of the qualified immunity analysis on this claim, defendant Brevick's uncontroverted declaration indicates that she searched the CPAP machine with care and did not remove the nasal pillows from the CPAP machine during the search. (ECF No. 56-4 ¶ 10.) Even assuming the truth of plaintiff's allegations that the search caused the loss of the nasal pillows, there is no evidence that defendant Brevick was aware of any damage or acted in a manner likely to cause damage. There is therefore no indication that she acted with "deliberate indifference to serious medical needs," as required to establish a violation of the Eighth Amendment. See Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). Accordingly, plaintiff has not established any violation of a constitutional right here, and the court need not conduct the second step of the qualified immunity analysis.

Plaintiff also alleges that his cell was left in disarray, causing him to fall and injure himself. (ECF No. 1 at 5-6.) The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety,'" and "hold[ing] convicted criminals in unsafe conditions" constitutes cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 33 (1993). However, the court has not found any authority indicating that leaving a prisoner's cell in disarray is a clearly established Eighth Amendment violation.

Plaintiff further alleges that defendant Moran denied his request to speak with mental health staff. (See ECF No. 1 at 8.) The complaint states that plaintiff "felt the need to speak to mental health staff" due to his distress at the condition of his cell. (See id. at 7.) Defendant Moran's uncontroverted declaration states that plaintiff did not mention any specific mental health concern or suicidal ideation, and that he did not appear to be in mental distress. (See ECF No. 56-3 ¶ 3.) The court concludes that it was not a clearly established violation of the Eighth Amendment to temporarily deny access to mental health services under these circumstances. See Hallett, 296 F.3d at 744 (the Eighth Amendment is violated where prison officials demonstrate

7

1  "deliberate indifference to serious medical needs"); cf. Oregon Advoc. Ctr. v. Mink, 322 F.3d 1101, 1107 (9th Cir. 2003) (it was a violation of the Eighth Amendment to deny mental health treatment where it was known to defendants that plaintiffs had severe mental health needs and had been court ordered to be committed to a psychiatric hospital).

Finally, plaintiff alleges that he was unable to tidy his cell himself, yet defendant Moran denied his request for assistance to tidy the cell, thereby placing plaintiff at risk of injury due to his mobility impairment. (See ECF No. 1 at 5.) However, the court has not found any authority indicating that it was clearly established that a denial of assistance with moving a prisoner's belongings constitutes a violation of the Eighth Amendment.

Accordingly, the court concludes that defendants are entitled to qualified immunity on plaintiff's claims.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (ECF No. 56) be, and the same hereby is, GRANTED, and the Clerk is ordered to enter judgment in favor of defendants and against the plaintiff in this action.

Dated: January 29, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE